[Civ. No. 14177.   Second Dist., Div. One.   Dec. 27, 1943.]

JOE GARCIA, Respondent, v. B. BERMAN et al., Appellants.

Andrew Renetzky for Appellants.

A. H. Brazil for Respondent.

YORK, P. J.—This is an appeal by defendants from a judgment in favor of plaintiff in an action for damages for breach of contract.

The record discloses that on or about September 9, 1942, respondent Garcia and appellant B. Berman entered into an oral contract whereby respondent agreed to sell and appellants agreed to purchase for the sum of $3,040, thirty-eight head of cattle, the same to be delivered at Los Angeles. Appellants paid $100 on account, and, the complaint alleges, they further agreed to deliver forthwith to respondent a cashier's check for the balance of the purchase price. Appellants had a prospective purchaser for the cattle and desired delivery thereof at Los Angeles on the following Monday morning, September 14th. George Matts, appellants' agent or "spotter" at San Luis Obispo County, who was present when the contract was entered into, informed respondent that appellants' check was in the mail. Consequently, respondent shipped the cows on Sunday morning but, because he had not then received the certified check, he consigned the

stock to California Commission Company at Los Angeles from himself rather than from appellants. Later that day, respondent received a personal check from appellants which he deposited for collection with an Atascadero bank on Monday, September 14th. Meanwhile, the cattle arrived at Los Angeles and appellants, being unable to secure them since they were consigned in respondent's name, stopped payment on the check.

Respondent testified that "if I had got a certified check before I loaded the cattle, if it had been a certified check instead of his (Berman's) personal check I would have sent a telegram down that night (Sunday)" to the California Commission Company. He further testified that he told appellant Berman on the day the contract was made that "I had to have my money before I shipped the cattle or before I turned the cattle over to him. . . . I told him I wanted a certified check for the cattle" before they were shipped. The agent Matts testified that respondent stated that he wanted a certified check and that appellant Berman said "You don't have to worry about my check, my check is just as good, certified or not"; but that he would send a certified check. Appellant Berman testified that nothing was said about the check being certified, but that respondent "wanted the check sent to him. He demanded that."

The cattle were placed in a feeding yard and on September 29, 1942, respondent sold them to a third party. Before doing so, respondent's attorney sent the following telegram to appellants:

"Up until now you have failed, refused and neglected to make good sale of purchase price on Garcia cattle although Garcia has indicated readiness and ability to transfer cattle to you final offer made and unless you wire immediately cashier check being sent, complaint will be filed against you."

The instant action was filed November 23, 1942, seeking the recovery by respondent Garcia of the sum of $1,003, to wit: $167 for cost of hay, $100 freight charges and $736 loss in the amount received for the cows. The trial court found that respondent suffered damages in the sum of $799.98 and no more, and awarded judgment for that amount.

Appellants urge that respondent was the party who breached the contract and that he should respond in damages, because appellants specifically instructed respondent how to ship the cattle, i. e., to California Commission Company at Los Angeles in the name of appellants.

■ Upon conflicting evidence the court found that the parties hereto "entered into an oral agreement wherein plaintiff agreed to sell to the defendants and the said defendants agreed to purchase from the plaintiff 38 head of mixed stock cows for the sum of $3,040, *to be delivered to defendants in Los Angeles,* but at the expense of said defendants, *upon the payment of the sum agreed upon by a certified check."* (Emphasis added.)

Having so determined a question of fact upon conflicting evidence, it is not within the province of this court to disturb the trial court's ruling.

■ Moreover, having failed to send a certified check which the court, in effect, found was a condition precedent to performance, appellants waived the right to insist upon strict performance by respondent of those terms of the contract which were favorable to themselves.

■ Appellants object to the admission of testimony of custom and usage, as to how the cattle could have been released to appellants by telephone or telegraph, contending that it opened up an entirely new field not contemplated by the parties and permitted respondent to justify his departure from the terms of the contract.

While it is true, respondent was permitted to testify that "If this check had been a certified check, Sunday when I got it all I would have had to do would be to telegraph down that night . . . all I had to do was send a telegram down and have them (California Commission Company) turn (the cattle) over to him (Berman) if I had got a certified check before I loaded the cattle, if it had been a certified check instead of his personal check I would have sent a telegram down that night."—such evidence was not prejudicial to appellants' cause, for there is every reason to believe that if respondent had received the certified check on Sunday, September 13, 1942, said respondent could have effected a release of the cattle to the appellants on Monday morning, September 14th. Also, as hereinbefore pointed out, even as late as September 29, 1942, respondent offered to deliver the cattle to appellants upon receipt of payment of the purchase price agreed upon.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.